## STUART v. PERROT.

1. PLEADING—MOTION TO DISMISS.
   A declaration must be dismissed when a motion for such purpose is interposed and the declaration fails to state a cause of action against the defendant sued.

2. CONTRACTS—PURCHASE OF CORPORATE STOCK—DEMANDS.
   Declaration in action against individual defendant based on a memorandum of understanding which the trial court interpreted

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 41 Am Jur, Pleading §§ 330–334.
[3] 12 Am Jur, Contracts § 232.

as obligating corporation of which plaintiff thereafter served as president and general manager for upwards of 5 years to permit plaintiff to purchase certain shares of common stock at a stated net cost *held,* to have been properly dismissed for failure to state a cause of action against the defendant, where no demands had been made upon him for compliance, the only possible action against him being for damage suffered by plaintiff for defendant's failure to use all legal means to see that the company carried out the intent of the agreement.

3. SAME—EMPLOYMENT AS PRESIDENT AND GENERAL MANAGER OF CORPORATION.

Written contract relative to rights plaintiff would acquire upon giving up a responsible position in New York and becoming president and general manager of corporation in this State *held,* to have been a complete, not a partial, contract.

Appeal from Arenac; O'Keefe (Dennis J.), J. Submitted January 8, 1963. (Calendar No. 8, Docket No. 49,787.) Decided March 7, 1963.

Action by Clifford W. Stuart against David L. Perrot for sums expended in purchase of corporate stock claimed due him under bonus arrangement. Leave to file amended declaration denied and cause dismissed on motion. Plaintiff appeals. Affirmed.

*Albert A. Smith,* for plaintiff.

*Harry E. Converse,* for defendant.

KELLY, J. Plaintiff appeals claiming the court erred in granting defendant's motion to dismiss the declaration before trial and denying plaintiff's motion for leave to file an amended declaration.

Plaintiff, who had held a responsible position in New York, had a series of conferences with defendant that finally resulted in a "Memorandum of Understanding" prior to plaintiff leaving New York and moving to Saginaw to assume the position of

president and general manager of Jackson & Church Company, a Michigan corporation.

Portions of the agreement material to the issues now before this Court provided plaintiff would have an opportunity to acquire 95,000 shares of the common stock of Jackson & Church Company at a net cost to him of $25,000; that Jackson & Church Company were [paragraph 3(c)] "to pay cost of Stuart's acquiring not less than 5,000 shares per year in each year that its earnings before income taxes but after all executive bonuses and including this payment for stock exceeds $50,000"; and that "Perrot (defendant) will use all legal means to see that the company carries out the intent of this agreement."

Plaintiff assumed the position of president and general manager of the corporation on January 1, 1951, and terminated his employment with the corporation on February 28, 1956.

August 9, 1961, plaintiff filed his declaration alleging there was due him from defendant $15,-787.49, plus interest at 5% from February 28, 1956, because "during his period of employment, plaintiff purchased shares of the common stock of Jackson & Church Co. in the total amount of 96,587-1/2 shares and that the costs of such shares in the amount of 95,000 was $15,787.49 in excess of the net cost to plaintiff as provided by subparagraph 3(c) of the memorandum of understanding previously mentioned."

Defendant moved to dismiss for the following reasons:

"1. The plaintiff's declaration fails to state a cause of action against defendant because it alleges that under paragraph 3 (c) (1) of the memorandum of understanding plaintiff purchased the said 95,000 shares of stock whereas said paragraph provides for the purchase of only 25,000 shares.

"2. The plaintiff's declaration fails to state a cause of action against the defendant because it does not state in what year or years the purchase of stock was made or that the financial conditions concerning the earnings of the company were such as to require reimbursement in the year or years of purchase.

"3. The plaintiff's declaration fails to state a cause of action against defendant because the memorandum of understanding did not require defendant to reimburse plaintiff for the purchase of any shares of stock."

Plaintiff filed answer to the motion to dismiss and in answer to paragraph 1 thereof plaintiff asserted his claim that the memorandum of understanding clearly indicated that defendant was giving the opportunity to plaintiff to acquire 95,000 shares of the common stock of Jackson & Church Company at a net cost to him of $25,000 and that if the memorandum was ambiguous in any way, any ambiguity should be resolved against the defendant for the reason that the document was prepared by a personal friend of the defendant, who was also attorney for Jackson & Church Company, and personal attorney for defendant. In connection with paragraph 2 of the motion, plaintiff averred that the earnings of Jackson & Church Company were completely within the knowledge of defendant and that if defendant lacked any information, he could request a bill of particulars, as provided by court rule.

Answering paragraph 3 of the motion, plaintiff again stated that if there was any ambiguity relative to the requirement of defendant to reimburse plaintiff, such ambiguity should be resolved against the defendant as the so-called memorandum of understanding was prepared by a personal friend, attorney for Jackson & Church Company, and attorney for defendant; that the motion to dismiss involved an issue of fact not properly before the court on a

motion to dismiss for the reason that on many occasions the defendant recognized his legal liability to reimburse the plaintiff in connection with purchase of shares of stock of Jackson & Church Company and did, in fact, reimburse plaintiff for purchase of shares of stock, pursuant to the memorandum of understanding.

Defendant filed a reply to plaintiff's answer denying that the attorney who prepared the memorandum of understanding was attorney for either defendant or for Jackson & Church Company, and alleging that he was the attorney for plaintiff. At the conclusion of oral arguments on the motion, the court stated, "the obligation to purchase, or to carry out this part of the memorandum of agreement is on the part of Jackson & Church and not on the part of David L. Perrot, so at this time, without going into the trial of this matter, the court is going to grant the motion here to dismiss," and the court entered an order granting the motion to dismiss and denying leave to file an amended declaration.

Plaintiff tendered an amended declaration, adopting the first 6 paragraphs of the original declaration which included the statement that after negotiations of the parties executed a memorandum of understanding, and in this amended declaration plaintiff made several references to the memorandum of understanding, such as the stock was purchased "pursuant to the memorandum of understanding" and "pursuant to the intention as therein expressed," and, "that the memorandum of understanding, for reasons best known to the defendant, was not executed by defendant as an officer of Jackson & Church Co.; that there is no record of any action taken by the board of directors of Jackson & Church Co. ratifying and confirming the memorandum of understanding as an obligation of that company; and that,

as appears by the memorandum of understanding, it was executed by the defendant in his individual capacity."

The amended declaration concludes with the following paragraph:

"That the intention of the memorandum of understanding was that the defendant would be personally responsible for any amounts paid by plaintiff for 95,000 shares of the common stock of Jackson & Church Co. in excess of $25,000, and as indicated previously in this amended declaration, the defendant acknowledged his personal liability and responsibility, and, in addition, the defendant wilfully and deliberately refused to comply with his obligation to use all legal means to see that Jackson & Church Co. would carry out the intent of the memorandum of understanding as provided by paragraph 4 of the memorandum; and that there is now due from defendant to plaintiff the amount stated in plaintiff's declaration plus interest at 5% from February 28, 1956."

Plaintiff annexed exhibits to the amended declaration and these exhibits do not disclose demands upon the defendant but rather upon the company; one exhibit (E) being a letter to defendant bearing date March 23, 1961, in which plaintiff stated:

"It was on March 1, 1956 that I resigned so there are only a relatively few months before the statute of limitations would become effective. What would you suggest? Should I write Howard (president of Jackson & Church Company) about it as the next step or go direct to attorney action? Another alternative has occurred to me: let both sides agree on a third party, put their contentions up to him and he decide. Arbitration I suppose you'd call it.

"Drop me a line about this, will you?"

Exhibit F was plaintiff's April 19, 1961, letter to defendant as follows:

"Did you get my letter of nearly a month ago? I'd really like your advice on which route to follow, sue or arbitrate, with Howard but past experience with him doesn't lead me to expect much from trying to settle differences reasonably and amicably. So unless you advise otherwise based on the theory that reasonable and openminded men can solve their own problems without the help of a court, to protect my own position I'll have to start legal proceedings in a week or so.

"Drop me a line, won't you?"

At the conclusion of argument in re the tendered amended declaration, the court stated:

"Well, on the original declaration filed by the plaintiff, and motion to dismiss made by the defendant, upon the former hearing on this matter, the court granted the motion to dismiss. Now, we are back here today arguing a motion to set aside the order and granting a motion to dismiss, and for leave to file an amended declaration. * * * *

"It just seems to be on the basis of the declaration there must be stated a cause of action, and I cannot see in this case where it states a cause of action against the defendant Perrot. It seems to me that if the plaintiff here has any remedy in this action, or case, it would be against the Jackson & Church Company."

Plaintiff's brief in support of his contention that the court erred, majors the fact that the agreement should not be considered as a confining written agreement or contract, stating:

"The document is just what it appears to be, namely, a memorandum of some understanding between the plaintiff and defendant, and there is nothing in the document indicating that it sets forth the complete understanding between plaintiff and the defendant."

Defendant answers that

"Appellee's theory is that inasmuch as the parties reduced their oral negotiations and understanding to writing and which definitely spelled out the understanding of the parties, plaintiff could not be heard to claim some other understanding or contract at variance with the written agreement."

We conclude the court did not commit error. After the court made known his objection to the declaration plaintiff was given an opportunity to present an amended declaration and present argument in regard to same. The tendered amended declaration did not meet the court's objection and, in fact, the court's conclusion was strengthened by plaintiff's attached exhibits disclosing that after plaintiff left the company's employ he sought defendant's advice as to how he should proceed against the corporation for the money he now claims from defendant.

Plaintiff was an experienced and able executive and we cannot agree with plaintiff that, after a series of conferences with defendant as to what he should obtain if he would give up a responsible position in New York and come to Saginaw, he then signed a paper purporting to be the understanding that did not contain the "complete understanding" but only "some understanding."

The declaration was not directed toward the only possible action against defendant, namely, damage suffered by plaintiff because defendant did not "use all legal means to see that the company carries out the intent of this agreement."

Affirmed. Costs to appellee.

CARR, C. J., and DETHMERS, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and O'HARA, JJ., concurred.